IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:20cv499-GCM

| | |
|---|---|
| ROBBIE MALLIEU JORDAN,<br>    Plaintiff,<br><br>  vs.<br><br>ANDREW M. SAUL,<br>Commissioner of Social<br>Security Administration,<br>    Defendant. | )<br>)<br>)<br>) MEMORANDUM AND ORDER<br>)<br>)<br>)<br>)<br>)<br>) |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (Doc. No.10) and Defendant's "Motion for Summary Judgment" (Doc. No. 12), as well as the parties' briefs and exhibits.

The Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, the Court will <u>deny</u> Plaintiff's Motion for Summary Judgment; <u>grant</u> Defendant's Motion for Summary Judgment; and <u>affirm</u> the Commissioner's decision.

## I. PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on September 10, 2020. He argues that the ALJ erred by: (1) failing to properly consider all the evidence or explain his conclusion in formulating the RFC; (2) failing to adequately evaluate Plaintiff's symptoms; and (3) failing to adequately consider a borderline age category situation.

## II. DISCUSSION

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). The District Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986), *quoting Richardson v. Perales*, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*See also Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d at 1456 (4th Cir. 1990*); see also Smith v. Schweiker*, 795 F.2d at 345*; Blalock v. Richardson*,

2

Case 3:20-cv-00499-GCM   Document 16   Filed 10/06/21   Page 2 of 4

483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

The Court notes that Plaintiff filed a "Notice of Supplemental Authority" citing the recent Supreme Court case of *Collins v. Yellen*, 141 S.Ct. 1761 (2021) and *Seila Law, LLC v. Consumer Financial Protection Bureau*, 140 S.Ct. 2183 (2020) as "supplemental controlling authority on the constitutionality of the Commissioner's decision." (Doc. No. 15). The supplement also attached a Memorandum Opinion for the Deputy Counsel to the President which purports to state that the President may remove the Commissioner of Social Security at will and that the statutory removal restriction in 42 U.S.C. § 902(a)(3) is constitutionally unenforceable. What the supplement failed to do is make any showing or argument as to how either case or the memorandum opinion supports Plaintiff's argument that the Commissioner's decision on his disability claim was incorrect. A party "waives an argument by… failing to develop its argument—even if its brief takes a passing shot at the issue." *Haperin v. Saul*, 855 Fed. App'x. 114, 120 n.8 (4th Cir. Apr. 6, 2021)(internal citations omitted); *see also Whiteside v. Berryhill*, No. 1:18-CV-00176-FDW, 2019 WL 1639936, at *3 (W.D.N.C. Apr. 16, 2019) (citing *Sanders v. Berryhill*, No. 1:16-CV-0236-MOC-DLH, 2017 WL 3083730, at *3 (W.D.N.C. June 12, 2017) ("It is not the role of this Court to recraft a legal argument submitted by counsel or make counsel's legal argument for him or her; this Court's role is to rule on the specific legal arguments presented by counsel."). Accordingly, the Court declines to consider this supplemental authority. *See Angelita v. Kijakkazi*, No. 1:20-cv-00034-AJB, 2021 WL 4146085, n.13 (N.D. Ga. Sept. 13, 2021).

The question before the ALJ was whether Plaintiff became disabled at any time.[1] The Court has carefully reviewed the record, the authorities and the parties' arguments. The ALJ applied the correct legal standards and his conclusion that Plaintiff was not disabled is supported by substantial evidence.

**III. ORDER**

**NOW THEREFORE IT IS ORDERED:**

1. Plaintiff's "Motion for Summary Judgment" (Doc. No. 10) is **DENIED**; Defendant's "Motion for Summary Judgment" (Doc. No. 12) is **GRANTED**; and the Commissioner's decision is **AFFIRMED.**

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED.**

Signed: October 6, 2021

Graham C. Mullen
United States District Judge

---

[1] Under the Social Security Act, 42 U.S.C. § 301, *et seq.*, the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months…
> *Pass v. Chater*, 65 F. 3d 1200, 1203 (4th Cir. 1995).